**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL A. MAGDALENO,<br><br>        Plaintiff,<br><br>    v.<br><br>CATES,<br><br>        Defendant. | Case No.  1:23-cv-00952-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY COURT ORDER, AND FAILURE TO PROSECUTE<br><br>(ECF No. 8)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.     Background**

Plaintiff Miguel A. Magdaleno ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

On July 20, 2023, the Court issued a screening order granting Plaintiff leave to file a first amended complaint or a notice of voluntary dismissal within thirty (30) days. (ECF No. 8.) The Court expressly warned Plaintiff that the failure to comply with the Court's order would result in a recommendation for dismissal of this action, with prejudice. (*Id.* at 8.) The deadline has expired, and Plaintiff has failed to file an amended complaint or otherwise communicate with the Court.

**II.      Failure to State a Claim**

      **A.      Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

      **B.      Plaintiff's Allegations**

Plaintiff is currently housed at California Correctional Institution ("CCI") in Tehachapi, California where the events in the complaint are alleged to have occurred. Plaintiff names Warden Byran[1] Cates as the sole defendant. Plaintiff asserts claims against the defendant in both his individual and official capacities.

///

---

[1] This is not the correct spelling of the Warden's name.

Plaintiff alleges a denial of due process. Plaintiff alleges that the warden is the C.E.O. of CCI and Plaintiff's requests for due process has been denied. He alleges that "'supposedly' the officer found dope on [Plaintiff] and charged [Plaintiff] with distribution and sent [Plaintiff to a] 180% facility." Plaintiff stayed at the 180% facility for 15 years and ASU for almost 4 years without due process. Plaintiff filed an administrative 602 and it has been removed from Plaintiff's file and the one that is there is not complete. Under the D.A. referral, a guilty plea was entered on June 7, 2007 for attempted possession of controlled substance, not distribution of a controlled substance. Plaintiff has requested "revisement" of his file and "they" have failed to do so.

Plaintiff requests an injunction from "presented my current C-file to the Board of Parole Hearings." Plaintiff also seeks compensatory and punitive damages.

**C.     Discussion**

Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8 and fails to state a cognizable claim under 42 U.S.C. § 1983.

**1.     Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Here, Plaintiff's complaint is short, but not a plain statement of his claims. Many of Plaintiff's allegations are conclusory as to what happened, when it happened, or how defendant was involved.

///

///

### 2.     Supervisory Liability

To the extent Plaintiff seeks to hold Warden Cates, or any defendant, liable based solely upon their supervisory role, he may not do so.  Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior.  *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.,* 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (citation and quotation marks omitted); accord *Lemire v. Cal. Dep't of Corrs. & Rehab.*, 726 F.3d 1062, 1074–75 (9th Cir. 2013); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc).  "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." *Crowley*, 734 F.3d at 977 (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff does not allege that Defendant Cates was personally involved in any constitutional deprivation.  Further, Plaintiff fails to identify any policy at issue and how the policy itself is a repudiation of constitutional rights.  Plaintiff's conclusory allegations are insufficient.

### 3.     Linkage Requirement

Section 1983 of the Civil Rights Act requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th

4

Cir. 1978). Plaintiff fails to link Warden Pfeiffer to any alleged wrongdoing. Liability based upon respondeat superior is not permissible. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights.").

### 4.   Due Process – Ad-Seg Placement

A prisoner does not have a right to a particular classification or custody level under the Due Process Clause. *See Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007) (concluding California prisoner does not have liberty interest in residing at a level III prison as opposed to level IV prison). Prisoners do not have a liberty interest in remaining housed in the general prison population. *Hernandez v. Constable*, 2020 WL 2145387, at *2 (E.D. Cal. Feb. 21, 2020), report and recommendation adopted, 2020 WL 2126893 (E.D. Cal. May 5, 2020) (citing *Smith v Noonan*, 992 F.3d 987, 989 (9th Cir. 1993); *McFarland v. Cassady*, 779 F.2d 1426, (9th Cir. 1986)). Accordingly, plaintiff does not have a liberty interest in being housed in any particular prison or to any particular classification.

"Typically, administrative segregation in and of itself does not implicate a protected liberty interest." *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003); *see also Sandin v. Connor*, 515 U.S. at 472, 486 (discipline in segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest.) "[W]hen prison officials initially determine whether a prisoner is to be segregated for administrative reasons due process only requires the following procedures: Prison officials must hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated. The prison officials must inform the prisoner of the charges against the prisoner or their reasons for considering segregation. Prison officials must allow the prisoner to present his views." *Toussaint v. McCarthy*, 801 F.2d 1080, 1100–01 (9th Cir. 1986) (footnote omitted), abrogated on other grounds, *Sandin*, 515 U.S. 472.

Due process requires that prison officials engage in some sort of periodic review of an inmate's confinement in segregation. *See Hewitt v. Helms*, 459 U.S. 460, 477 n.9; *Toussaint v. McCarthy*, 801 F.2d at 1101. These periodic reviews must be more than "meaningless gestures"

5

to satisfy due process. *See Toussaint v. McCarthy*, 926 F.2d 800, 802–03 (9th Cir. 1990). Although temporary confinement in administrative segregation typically does not implicate a protected liberty interest, imposition of an indeterminate term as a result of a disciplinary charge constitutes a much greater deprivation. *See Madrid v. Gomez*, 889 F.Supp. 1196, 1271 (N.D. Cal. 1995) ("defendants may not confine prison gang members in the SHU, nor hold them there on indeterminate terms, without providing them the quantum of procedural due process required by the Constitution."). "Prisoners have a liberty interest in avoiding extended confinement in segregation housing without meaningful, periodic review of their housing placement." *Brown v. Or. Dep't of Corr.*, 751 F.3d 983, 987–88 (9th Cir. 2014).

Here, it appears Plaintiff alleges that his retention in Ad-Seg violated his Fourteenth Amendment right to Due Process. Specifically, Plaintiff appears to claim that he should not have been retained in Ad-Seg, and that he was entitled to, but did not receive, periodic meaningful reviews regarding Plaintiff's retention in Ad-Seg.

Based on the foregoing, the Court finds that Plaintiff has identified a potential liberty interest. However, Plaintiff has not made factual allegations discussing the reviews that he received while in Ad-Seg and why they were not meaningful or frequent enough. Without this information, the Court cannot determine whether Plaintiff states a Due Process claim for his retention in Ad-Seg.

### 5. Due Process – Housing in 180% Institution

Plaintiff may be complaining about his transfer to an institution with a "180%" design. Plaintiff does not have a constitutional right to be incarcerated at a particular correctional facility (or to be transferred from one facility to another); *Meachum v. Fano*, 427 U.S. 215, 224–25 (1976) (no liberty interest in placement in particular facility); *McCune v. Lile*, 536 U.S. 24, 38 (2002). The Court declines to intercede in the security issue presented by placement of inmates in particular housing.

### 6. Injunctive Relief

Requests for prospective relief are limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ["PLRA"], which requires that the Court find the "relief [sought] is

narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." In cases brought by prisoners, any injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). Moreover, where, as here, "a plaintiff seeks a mandatory preliminary injunction that goes beyond maintaining the status quo pendente lite, 'courts should be extremely cautious' about issuing a preliminary injunction and should not grant such relief unless the facts and law clearly favor the plaintiff." *Committee of Central American Refugees v. I.N.S.*, 795 F.2d 1434, 1441 (9th Cir. 1986), quoting *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir. 1984).

**III.     Failure to Prosecute and Failure to Obey a Court Order**

    **A.     Legal Standard**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

**B.     Discussion**

Here, Plaintiff's first amended complaint is overdue, and he has failed to comply with the Court's order. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's July 20, 2023 screening order expressly warned Plaintiff that his failure to file an amended complaint would result in a recommendation of dismissal of this action, with prejudice. (ECF No. 8, p. 8.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. As Plaintiff is proceeding *in forma pauperis* in this action, it appears that monetary sanctions will be of little use and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

**IV.     Conclusion and Recommendation**

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Furthermore, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim

8

pursuant to 28 U.S.C. § 1915A, for failure to obey court orders, and for Plaintiff's failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 5, 2023**              /s/ *Barbara A. McAuliffe*
                                                              UNITED STATES MAGISTRATE JUDGE