# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL A. MAGDALENO, | Case No. 1:23-cv-00952-ADA-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM |
| v. | |
| CATES, | (ECF No. 13) |
| Defendant. | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Miguel A. Magdaleno ("Plaintiff") is a state prisoner proceeding *pro se* and in *forma pauperis* in this civil rights action under 42 U.S.C. § 1983. This action was transferred from the United States District Court for the Southern District of California to the Eastern District of California on June 23, 2023. (ECF No. 2.) The Court screened Plaintiff's complaint, and Plaintiff was granted leave to amend. Plaintiff's first amended complaint is before this Court for screening. (ECF No. 13.)

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at California Correctional Institution ("CCI") in Tehachapi. Plaintiff names officers located at Calipatria State Prison and CCI. Plaintiff names: (1) R.G. Hopper, Lieutenant (Calipatria), (2) R. Din employed in the "SHO" (Calipatria), (3) L. Mireles, (Calipatria), and (4) B. Cates (at CCI).

Plaintiff alleges a violation of his due process and alleges as follows:

> On September 4, 2004, Officer O.H. Quiroga found a bindle of substance with a charge of distribution. Calipatria State Prison sent M. Magdaleno to 180 yard while housed in this facility my due process was violated based on numerous response sent to officers without no response. I was housed in this environment for 15 years. I filled 602 administrative on staff in this matter and 602's went missing from staff which is a staff misconduct. I have numerous evidence within my possession of the attempts. With no answer. This violates my constitutional law. This is also a violation due to staff falsifying documents because staff also put the substance within my possession. (unedited text.)

Plaintiff claims emotional distress.

///

### III. Discussion

Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8 and fails to state a cognizable claim under 42 U.S.C. § 1983. Despite being provided the relevant pleading and legals standards, Plaintiff has been unable to cure the deficiencies.

### A. Federal Rule of Civil Procedure 8

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Here, Plaintiff's complaint is short, but not a plain statement of his claims. Much of Plaintiff's allegations is conclusory as to what happened, when it happened, or how any defendant was involved. Plaintiff failed to state key factual allegations in the body of the complaint. It is unclear if he is complaining his appeals were missing or of the housing or both. Plaintiff has been unable to cure this deficiency.

### B. Supervisory Liability

To the extent Plaintiff seeks to hold Warden Cates, or any defendant, liable based solely upon their supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (citation and quotation marks omitted); *accord Lemire v. Cal. Dep't*

3

*of Corrs. & Rehab.*, 726 F.3d 1062, 1074–75 (9th Cir. 2013); *Lacey v. Maricopa Cty.,* 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." *Crowley*, 734 F.3d at 977 (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff does not allege that Defendant Cates was personally involved in any constitutional deprivation.  Further, Plaintiff fails to identify any policy at issue and how the policy itself is a repudiation of constitutional rights.  Plaintiff's conclusory allegations are insufficient.

**C.     Linkage Requirement**

Section 1983 of the Civil Rights Act requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, (1978); *Rizzo v. Goode,* 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff fails to link any defendant to any alleged wrongdoing.  Liability based upon respondeat superior is not permissible.  *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights.").  Plaintiff has not linked any of the newly named defendants to any conduct which purportedly violated his rights.

As mentioned, Plaintiff names new individuals who are employed at Calipatria State Prison and thereby, has changed the allegations and substance of his complaint.  Plaintiff was cautioned in the Court's prior screening order that may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. (Doc. 8, p.7.)  Plaintiff has violated

4

the Court's order.

### D. Due Process - Ad-Seg Placement

A prisoner does not have a right to a particular classification or custody level under the Due Process Clause. *See Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007) (concluding California prisoner does not have liberty interest in residing at a level III prison as opposed to level IV prison). Prisoners do not have a liberty interest in remaining housed in the general prison population. *Hernandez v. Constable*, 2020 WL 2145387, at *2 (E.D. Cal. Feb. 21, 2020), report and recommendation adopted, 2020 WL 2126893 (E.D. Cal. May 5, 2020) (citing *Smith v Noonan*, 992 F.3d 987, 989 (9th Cir. 1993); *McFarland v. Cassady*, 779 F.2d 1426, (9th Cir. 1986)). Accordingly, plaintiff does not have a liberty interest in being housed in any particular prison or to any particular classification.

"Typically, administrative segregation in and of itself does not implicate a protected liberty interest." *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003); *see also Sandin v. Connor*, 515 U.S. at 472, 486 (discipline in segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest.) "[W]hen prison officials initially determine whether a prisoner is to be segregated for administrative reasons due process only requires the following procedures: Prison officials must hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated. The prison officials must inform the prisoner of the charges against the prisoner or their reasons for considering segregation. Prison officials must allow the prisoner to present his views." *Toussaint v. McCarthy*, 801 F.2d 1080, 1100-01 (9th Cir. 1986) (footnote omitted), abrogated on other grounds, *Sandin*, 515 U.S. 472.

Due process requires that prison officials engage in some sort of periodic review of an inmate's confinement in segregation. *See Hewitt v. Helms*, 459 U.S. 460, 477 n.9, 103 S.Ct. 864, 74 L.Ed.2d 675; *Toussaint v. McCarthy*, 801 F.2d at 1101. These periodic reviews must be more than "meaningless gestures" to satisfy due process. *See Toussaint v. McCarthy*, 926 F.2d 800, 802-03 (9th Cir. 1990). Although temporary confinement in administrative segregation typically does not implicate a protected liberty interest, imposition of an indeterminate term as a result of a

5

disciplinary charge constitutes a much greater deprivation. *See Madrid v. Gomez*, 889 F.Supp. 1196, 1271 (N.D. Cal. 1995) ("defendants may not confine prison gang members in the SHU, nor hold them there on indeterminate terms, without providing them the quantum of procedural due process required by the Constitution."). "Prisoners have a liberty interest in avoiding extended confinement in segregation housing without meaningful, periodic review of their housing placement." *Brown v. Or. Dep't of Corr.*, 751 F.3d 983, 987–88 (9th Cir. 2014).

Here, it appears Plaintiff alleges that his retention in Ad-Seg violated his Fourteenth Amendment right to Due Process. Specifically, Plaintiff appears to claim that he should not have been retained in Ad-Seg. However, Plaintiff does not allege whether or not he received periodic meaningful reviews regarding Plaintiff's retention in Ad-Seg.

Further, Plaintiff has not made factual allegations discussing the reviews that he may have received while in Ad-Seg and why they were not meaningful or frequent enough. Without this information, the Court cannot determine whether Plaintiff states a Due Process claim for his retention in Ad-Seg. Plaintiff was informed of the pleading requirements, and has been unable to correct these deficiencies.

### E. Due Process - Housing in 180% Institution

Plaintiff may be complaining about his transfer to an institution with a "180%" design. Plaintiff does not have a constitutional right to be incarcerated at a particular correctional facility (or to be transferred from one facility to another); *Meachum v. Fano*, 427 U.S. 215, 224–25 (1976) (no liberty interest in placement in particular facility); *McCune v. Lile*, 536 U.S. 24, 38 (2002). The Court declines to intercede in the security issue presented by placement of inmates in particular housing.

### F. No Right to Appeals Process

To the extent Plaintiff is complaining about his 602 grievances, a prison official's processing of an inmate's appeals, without more, cannot serve as a basis for Section 1983 liability. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure.") (citation omitted), cert. denied, 541 U.S. 1063 (2004); *Shallowhorn v. Molina*, 572 F. App'x 545, 547 (9th Cir. 2014)

(district court properly dismissed Section 1983 claims against defendants who "were only involved in the appeals process") (citing *Ramirez*, 334 F.3d at 860); *Evans v. Cisneros*, No. 1:22-CV-01238 AWI BAM PC, 2023 WL 2696670, at *5 (E.D. Cal. Mar. 29, 2023) (no claim for failing to address appeals). The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. *See also Givens v. Cal. Dep't of Corrs. & Rehab.*, No. 2:19-cv-0017 KJN P, 2019 WL 1438068, at *4 (E.D. Cal. Apr. 1, 2019) ("California's regulations grant prisoners a purely procedural right: the right to have a prison appeal.") Therefore, prison officials are not required by federal law to process inmate appeals or grievances in a particular way. Consequently, the failure or refusal to process a grievance or the denial, rejection, or cancellation of a grievance does not violate any constitutionally protected right. *See Rushdan v. Gear*, No. 1:16-cv-01017-BAM (PC), 2018 WL 2229259, at *6 (E.D. Cal. May 16, 2018); *Givens*, 2019 WL 1438068, at *4.

### G. False Reports

To the extent Plaintiff alleges that Defendants falsified chronos, disciplinary or medical reports against Plaintiff, he cannot state a claim.

The creation of false evidence, standing alone, is not actionable under § 1983. *See Hernandez v. Johnston*, 833 F.2d 1316, 1319 (9th Cir. 1987) (independent right to accurate prison record has not been recognized); *Johnson v. Felker*, No. 1:12–cv–02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a report does not give rise to a claim under section 1983.") (citations omitted). Moreover, "plaintiff cannot state a cognizable Eighth Amendment violation based on an allegation that defendant[ ] issued a false rule violation against plaintiff." *Jones v. Prater*, No. 2:10-cv-01381 JAM KJN P, 2012 WL 1979225, at *2 (E.D. Cal. Jun. 1, 2012); *see also Youngs v. Barretto,* No. 2:16-cv-0276 JAM AC P, 2018 WL 2198707, at *3 (E.D. Cal. May 14, 2019) (noting that issuance of false rules violation report does not rise to the level of cruel and unusual punishment) (citations omitted).

///

## IV. Conclusion and Recommendation

For the reasons discussed, the Court finds that Plaintiff has failed to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief. Despite being provided with the relevant legal standards, Plaintiff has been unable to cure the deficiencies in his complaint. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 25, 2023**          /s/ Barbara A. McAuliffe         _
                                       UNITED STATES MAGISTRATE JUDGE